Brandon R. Sher, Esq.
**OGLETREE, DEAKINS, NASH,**
**SMOAK & STEWART, P.C.**
1735 Market Street, Suite 3000
Philadelphia, PA 19103
Telephone: (215) 995-2840
Facsimile: (215) 995-2801
*Attorneys for Defendant*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT KATAVITCH *on behalf of himself and those similarly situated* : : : Plaintiff, : : v. : : ULTA BEAUTY INC., : Defendant. : | Civ. Action No. _____ *Document Electronically Filed* |

### NOTICE OF REMOVAL

Defendant Ulta Inc. ("Ulta" or "Defendant"), by and through its counsel, Ogletree, Deakins, Nash, Smoak & Stewart, P.C., hereby notices the removal of this action, pursuant to 28 U.S.C. §§ 1332, 1367, 1441, and 1446, to the United States District Court for the Middle District of Pennsylvania, and as grounds therefore show as follows:

### I.   TIMELINESS OF REMOVAL

1. On or about February 12, 2021, Named Plaintiff Robert Katavitch ("Plaintiff"), on behalf of himself and all others similarly situated, filed an

1

Individual and Class Action Complaint ("Complaint") against Ulta Beauty Inc. in the Pennsylvania Court of Common Pleas, Franklin County, Docket No.: 2021-344, entitled *Robert Katavitch, individually and on behalf of those similarly situated v. Ulta Beauty, Inc.* A true and correct copy of the Complaint is attached hereto as Exhibit A as required under 28 U.S.C. § 1446.

2. On February 23, 2021, Defendant's agent for service of process in Pennsylvania received a copy of the Complaint when it was served on Corporate Service Company ("CSC"). A true and correct copy of the Notice of Service of Process is attached hereto as Exhibit B.

3. On February 23, 2021, Defendant's agent for service of process in Pennsylvania rejected the received service of process on the grounds that the Complaint named the wrong party, stating that "[a]ccording to the Secretary of State or other appropriate state agency, the party served is not qualified to do business in the jurisdiction served." The Complaint named "Ulta Beauty Inc." as the defendant in the matter, which is not an entity that is registered to do business in Pennsylvania. A true and correct copy of the Rejection of Service of Process is attached hereto as Exhibit C.

4. While the Complaint named an incorrect party and thus service was rejected accordingly, the incorrectly named party in the Complaint was merely a misnomer rather than a misidentification. A misnomer occurs when a party

misnames another party but the correct parties are involved nonetheless, thus courts acquire jurisdiction immediately following the service of the misnomer. Therefore, "Ulta Inc." was put on notice as to the filed Complaint and is thus filing for removal within the required thirty-day period, which began to run when the misnomer party was served.

5. Pursuant to 28 U.S.C. § 1446(b), a Notice of Removal must be filed within 30 days after the receipt by a defendant, through service or otherwise, of the Complaint.

6. Accordingly, pursuant to 28 U.S.C. § 1446(b), this Notice of Removal has been timely filed within 30 days after receipt by Ulta, through service or otherwise, of the Complaint.

## II. VENUE

7. The Pennsylvania Court of Common Pleas, Franklin County is located within the United States District Court for the Middle District of Pennsylvania. 28 U.S.C. § 118. Therefore, venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

## III. BASIS FOR REMOVAL – DIVERSITY

8. This action is properly removable under 28 U.S.C. § 1441(a), because the United States District Court has original jurisdiction pursuant to

28 U.S.C. § 1332(a), which provides, "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States. . . ."

9. In *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 549 (2005), the Supreme Court held that 28 U.S.C. § 1367 permits a federal court to exercise supplemental jurisdiction over the claims of all class members so long as the named plaintiff has a claim in excess of $75,000.

**A. The Amount in Controversy Exceeds $75,000**

10. This is an action to recover damages for alleged violations of the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333.113, the Pennsylvania Wage Payment and Collection Law ("WPCL"), 43 P.S. § 260.3 *et seq.*, and the common law of Pennsylvania. (Compl. at ¶ 1).

11. Plaintiff purports to bring his PMWA claim on behalf of himself, and a class consisting of "all persons presently and formerly employed as hourly employees of Defendant in Pennsylvania, who are/were subject to Defendant's pay practices and policies described herein at any point during the period beginning three years prior to the date that the instant action was initiated through the present . . . ." (Compl. at ¶ 7). Plaintiff estimates the number of potential class members

to be more than forty (40) employees. (Compl. at ¶ 8). The statute of limitations governing Plaintiff's claim is three years. *See* 43 P.S. § 260.9a(g).

12. Similarly, Plaintiff purports to bring his claim under the WPCL on behalf of himself, and a class consisting of "all persons presently and formerly employed as hourly employees of Defendant in Pennsylvania, who are/were subject to Defendant's pay practices and policies described herein at any point during the period beginning three years prior to the date that the instant action was initiated through the present." (Compl. at ¶ 16). The statute of limitations governing Plaintiff's claim is three years. *See* 43 P.S. § 260.9a(g). Plaintiff estimates the number of potential class members to be more than forty (40) employees. (Compl. at ¶ 17).

13. Although Plaintiff does not identify an amount of damages sought in the Complaint, nor has Plaintiff indicated in the Civil Cover Sheet whether the "Dollar Amount Requested" is "outside arbitration limits," Defendant infers that the Complaint, on its face, requests damages outside of the arbitration limits[1]. Moreover, Plaintiff's purported class action complaint seeks recovery of damages on behalf of himself and the purported class (estimated to be more than 40 employees for each of the PMWA and WPCL claims) for compensation, liquidated

---

[1] This inference is also supported by the fact it appears the case was assigned to the Honorable Mary Beth Shank. *See* Notice to Defend attached hereto as Exhibit D.

5

damages, costs and expenses of this action, and reasonable attorneys' fees. (Compl., *ad damnum* clause).

14.     Plaintiff's demand for liquidated damages in a putative class action is a significant factor when calculating the amount in controversy. *See Packard v. Provident Nat. Bank*, 994 F.2d 1039, 1046 (3d Cir. 1993) (citing *Bell v. Preferred Life Assur. Soc'y*, 320 U.S. 238, 240 (1943)) ("When both actual and punitive damages are recoverable, punitive damages are properly considered in determining whether the jurisdictional amount has been satisfied."). In an action under the WPCL, liquidated damages can amount to twenty-five (25) percent of the total amount of wages due. 43 P.S. § 260.10.

15.     When mandated or allowed by statute, reasonable attorney's fees may be included in the amount in controversy for purposes of diversity jurisdiction. *Frederico v. Home Depot*, 507 F.3d 188, 199 (3d Cir. 2007). In an action under the WPCL, a court shall, in addition to any judgment award to the plaintiff or plaintiffs, allow costs for reasonable attorneys' fees of any nature. 43 P.S. § 260.9a(f).

16.     Plaintiff's costs and expenses and attorneys' fees are accruing and will likely contribute tens of thousands of additional dollars to the actual amount in controversy.

17.    Accordingly, the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

### B. Complete Diversity of Citizenship Exists

18.    Plaintiff is a citizen of the Commonwealth of Pennsylvania. (Compl. ¶ 3).

19.    A corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). A corporation has its principal place of business where its high level officers direct, control, and coordinate the corporation's activities, *i.e.*, its "nerve center," which will typically be found at its corporate headquarters. *Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010).

20.    Defendant is a corporation organized or incorporated in Delaware, and having its principal places of business in Bolingbrook, IL, and therefore is a citizen of Delaware and Illinois within the meaning of 28 U.S.C. § 1332.

21.    Complete diversity of citizenship therefore exists, and this case is removable under 28 U.S.C. § 1441(b).

## IV.   CONCLUSION

22.    Ulta has not previously sought similar relief.

23. To date, Ulta has not filed a responsive pleading in Plaintiff's State court action, and no other proceedings have transpired in that action.

24. Pursuant to 28 U.S.C. § 1446, a copy of this Notice of Removal ("Notice") will be promptly filed with the Pennsylvania Court of Common Pleas of Franklin County and a copy of same served upon Plaintiff's counsel. A true and correct copy of Ulta's proposed Notice is attached hereto as Exhibit E.

25. By filing this Notice, Ulta does not waive or intend to waive any defense, including but not limited to, insufficiency of process and insufficiency of service of process.

**WHEREFORE**, Ulta respectfully requests that this Honorable Court take jurisdiction of this action and issue all necessary orders and process to remove said action from the Pennsylvania Court of Common Pleas of Franklin County, to the United States District Court for the Middle District of Pennsylvania.

    Respectfully Submitted,

    **OGLETREE, DEAKINS, NASH,**
    **SMOAK & STEWART, P.C.**
    *Attorneys for Defendant*

By:   */s/ Brandon R. Sher*
    Brandon R. Sher
    1735 Market Street, Suite 3000
    Philadelphia, PA 19103
    Telephone: (215) 995-2840
    Facsimile: (215) 995-2801
    brandon.sher@ogletree.com

Date: March 24, 2021

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT KATAVITCH *on behalf of himself and those similarly situated* <br> Plaintiff, <br> <br> v. <br> <br> ULTA BEAUTY INC., <br> Defendant. | : <br> : Civ. Action No. _____ <br> : <br> : *Document Electronically Filed* <br> : <br> : <br> : <br> : <br> : |

## CERTIFICATE OF SERVICE

I hereby certify that on March 24, 2021, I caused to be filed Defendant's Notice of Removal and this Certificate of Service using the ECF system. A copy is being served via U.S. First-Class mail and e-mail to Plaintiff's counsel at the address set forth below:

Matthew D. Miller, Esq.<br>
SWARTZ SWIDLER, LLC<br>
1101 Kings Highway North, Ste. 402<br>
Cherry Hill, NJ 08034<br>
mmiller@swartz-legal.com

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

By:   */s/ Brandon R. Sher*
Brandon R. Sher
1735 Market Street, Suite 3000
Philadelphia, PA 19103
Telephone: (215) 995-2840
brandon.sher@ogletree.com

*Attorneys for Defendant*

46462364.1