IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT KATAVITCH, *individually and on behalf of all those similarly situated,*<br><br>Plaintiff,<br><br>v.<br><br>ULTA BEAUTY, INC.,<br><br>Defendant. | Civil Action No.: 1:21-cv-00540-CCC |

## ORDER

AND NOW, on this 17th day of November 2022, upon consideration of the Named Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement, Attorneys' Fees and Costs, Service Payment, and Administrator Fees ("Motion"), and upon consideration of arguments provided by counsel and Settlement Class Members who appeared during the Fairness Hearing on Final Approval held on November 16, 2022, if any, for the reasons as stated on the record, the Court finds as follows:

  1. Based upon the Court's review of Named Plaintiff's Memorandum of Law in Support of the Motion, the Declaration of Justin L. Swidler ("Swidler Decl."), all other papers submitted in connection with the Motion, and the arguments of counsel during the November 16, 2022 Fairness Hearing on Final Approval, the Court grants final approval of the Settlement memorialized in the Settlement

Agreement and Release ("Agreement"), ECF Doc. 21, which provides for a Gross Settlement Fund of $150,000.00, and "so orders" all of the terms of the Agreement, which are incorporated herein. Capitalized terms used in this Order shall have the same meanings as set forth in the Agreement, unless otherwise defined herein.

2.  The Court has reviewed the terms and conditions of the Agreement, including the monetary relief provisions, the Plan of Allocation, and the release of claims. Based on its review of the Agreement, the Memorandum of Law, and the Court's familiarity with this case, the Court finds that the Agreement is the result of extensive, arm's-length negotiations between the parties after Class Counsel and Defendant's Counsel had fully investigated the claims and became familiar with the strengths and weaknesses of the claims. The assistance of a neutral mediator, the Honorable Thomas J. Rueter (Ret.), supports the Court's finding that the Settlement is not collusive. Taking into account (a) the value and certainty of the benefits to be provided by the Settlement to Settlement Class Members; (b) the defenses asserted by Defendant; (c) the risks to Named Plaintiff and the Settlement Class Members that Defendant would successfully defend against class certification and/or against the merits of the claims alleged in this case and/or establish that the damages are limited; and (d) the length of time that would be required for Settlement Class Members to litigate to an uncertain final judgment through one or more trials and appeals, the Court finds that the Settlement appears sufficiently fair, reasonable and

adequate.

3. Based on all these factors, the Court finds that the Agreement has no obvious defects and is within the range of settlement approval and grants final approval of the Agreement.

4. All Settlement Class Members except those who timely and affirmatively opted out of the Settlement are bound by the Release of Claims in the Agreement.

5. The Court finds reasonable the service payment for Named Plaintiff Katavitch of $5,000.00 in recognition of the services he rendered on behalf of the Settlement Class Members. This amount shall be paid from the Gross Settlement Fund.

6. The attorneys at Swartz Swidler, LLC. who prosecuted this case are experienced class action employment lawyers with good reputations among the employment law bar. The Court grants Class Counsel's request for $50,000.00 in attorneys' fees, which is one-third of the Gross Settlement Fund, plus $5,330.05 in costs and expenses reasonably expended litigating and resolving the Litigation. The proposed fees and costs are fair and reasonable and adequately reflect the risk counsel took in pursuing the case and a fair market value for the services provided. This conclusion is supported by the tangible benefits conferred on the class as a result of the legal services provided by Class Counsel, the complex nature of the

Litigation, the substantial risks involved, the quality of work performed, and the efficient manner in which this litigation was resolved. These amounts shall be paid from the Gross Settlement Fund.

7. The Court approves the Administrator's fees of $17,092.00, which shall be paid from the Gross Settlement Fund.

8. The Court dismisses this case with prejudice, and without costs, expenses or attorneys' fees to any party except as provided in the Agreement and this Order, and directs the Clerk of the Court to enter this Final Order and Judgment immediately.

9. The Court reserves jurisdiction over the construction, interpretation, implementation, and enforcement of the Agreement and over administration and distribution from the Gross Settlement Fund.

10. The parties shall abide by all terms of the Agreement.

It is so ORDERED.

BY THE COURT:

/s/ Christopher C. Conner
_____
Christopher C. Conner
United States District Judge
